UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:18-cv-574 (LMB/TCB) |
| CRO SHEET METAL CORP., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on Plaintiffs' Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. 9). After no representative for Defendant responded to Plaintiffs' motion or appeared at the hearing on August 10, 2018, the matter was taken under advisement.[1] For the reasons stated below, the undersigned U.S. Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment be GRANTED.

I. INTRODUCTION

A. Background

Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the National Energy Management

---

1. Relevant filings before the Court include the Complaint (Dkt. 1) ("Compl."), Plaintiffs' Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. 9) ("Pls.' Mot. Default J."), the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Default Judgment (Dkt. 10) ("Pls.' Mem. Supp."), the Declaration of Kenneth Anderson, Jr. (Dkt. 11) ("Anderson Decl."), the Declaration of Christopher Leins (Dkt. 12) ("Leins Decl."), and all attachments and exhibits submitted with those filings.

1

Institute Committee for the Sheet Metal and Air Conditioning Industry ("NEMIC"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), and the Board of Trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") (collectively "Plaintiffs"). Plaintiffs, acting on behalf of NPF, ITI, NEMIC, SMOHIT, and SASMI ("the Funds"), filed this action against CRO Sheet Metal Corp. ("CRO Sheet Metal") and Zeljko Luzaic ("Mr. Luzaic") under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. (Compl. ¶ 1; Pls.' Mot. Default J. ¶ 2.) While this action has since been dismissed against Mr. Luzaci, Plaintiffs now seek from CRO Sheet Metal unpaid contributions, liquidated damages, interest, late fees, attorneys' fees and costs, and audit fees pursuant to ERISA, LMRA, and the collective bargaining agreement, as well as a judgment compelling CRO Sheet Metal to comply with and pay for a payroll audit and to pay unpaid contributions, interest, and liquidated damages determined to be owed by the audit. (Compl. ¶¶ 13-15; 23-25, Pls.' Mot. Default J. ¶¶ 2-3; Pls.' Mem. Supp. at 7.)

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject-matter jurisdiction and personal jurisdiction over the defaulting parties, and venue must be proper.

The Court has subject-matter jurisdiction over the claims in this action. A federal district court has subject-matter jurisdiction over ERISA and LMRA actions specifically pursuant to the jurisdictional provisions of ERISA and LMRA. 29 U.S.C. §§ 185(c), 1132(e), (f). Further, a federal district court can also claim original jurisdiction when an action involves a civil action

"arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. In this case, Plaintiff has asserted claims pursuant to ERISA and LMRA, both of which are federal statutes. (3d Am. Compl. ¶¶ 7, 239-76.) Accordingly, the Court has subject-matter jurisdiction over all claims in this action.

The Court has personal jurisdiction over CRO Sheet Metal in this action. Due to the nationwide service of process provision of ERISA, personal jurisdiction is proper over those that have sufficient national contacts with the United States. See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). CRO Sheet Metal maintains a principal place of business in New York and has conducted business with Plaintiffs that maintain their principal places of business and are administered in Virginia. (Compl. ¶¶ 3, 11.) Accordingly, CRO Sheet Metal has sufficient national contacts with the United States and the Court has personal jurisdiction over it.

Venue in this action is proper in this Court. For actions pursuant to ERISA, venue is proper in a federal district court whose district contains the place where the plan is administered. See 29 U.S.C. § 1132(e)(2). The Funds are administered in this Court's judicial district. (Compl. ¶ 3.) Therefore, venue in this Court is proper. Further, venue in a court is also generally proper when the action is brought in a judicial district in which a substantial part of the events or omissions giving rise to the action occurred. See 28 U.S.C. § 1391(b). In this case, venue in this Court is proper because a substantial part of the events giving rise to the claims in case, particularly omissions by CRO Sheet Metal that should have been performed pursuant to the collective bargaining agreements, occurred in this Court's judicial district. (Compl. ¶ 3.)

### C. Service of Process

Before the Court can render default judgment, it must be satisfied that a defaulting party

has been properly served. As a general rule, a defendant must be served with the summons and complaint filed with a federal court. See FED. R. CIV. P. 4. However, various avenues exist to serve a defendant.

Service of process has been proper for CRO Sheet Metal, as Plaintiffs served CRO Sheet Metal's statutory agent as authorized by law. In serving process to a corporation, a party may deliver a copy of the complaint and a copy of the summons to any agent authorized by law to receive service of process. See FED. R. CIV. P. 4(h)(1)(B). Under New York law, the New York Secretary of State "shall be the agent of every domestic corporation … upon whom process against the corporation may be served." N.Y. BUS. CORP. LAW § 304(a). Properly serving the New York Secretary of State is completed by "personally delivering to and leaving with … any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee." Id. § 306(b)(1). Plaintiffs properly completed such service upon CRO Sheet Metal, a domestic New York corporation, by providing a designated agent at the New York Secretary of State's office in Albany, New York, with copies of the complaint, summons, and notices, along with the statutory service fee. (Dkt. 4.) Accordingly, service of process upon CRO Sheet Metal was proper and in accordance with law.

D. Grounds for Default Judgment

The entry of default judgment may be appropriate when a defendant has failed to appear in a case. See FED. R. CIV. P. 55. To date, CRO Sheet Metal has failed to appear by representative or otherwise participate in these proceedings. On July 12, 2018, Plaintiff filed its relevant Request for Clerk's Entry of Default (Dkt. 6), seeking an entry of default against CRO Sheet Metal. On July 13, 2018, the Clerk of the Court issued the Entry of Default (Dkt. 7) for

4

CRO Sheet Metal. On July 26, 2018, Plaintiff filed its Motion for Default Judgment. The Court then held a hearing on Plaintiff's Motion for Default Judgment on August 10, 2018, at which no representative for CRO Sheet Metal appeared. Finding the matter uncontested, the Court took the matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT AND LAW

Upon a full review of the pleadings and the record in this case, the undersigned finds that Plaintiff has established the following facts, and the undersigned makes the following conclusions of law.

Plaintiffs are the various boards of trustees for the Funds. Of the Funds, NPF, ITI, and SASMI (collectively "ERISA Funds") are trust funds established and maintained under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c), and are multiemployer plans and employee welfare benefit plans within the meaning of Section 3 of ERISA. (Compl. ¶ 5-6, 9.) NEMIC and SMOHIT are labor-management organizations that are involved with the sheet metal industry, with NEMIC being established pursuant to the Labor Management Cooperation Act of 1978 and 29 U.S.C. § 186(c)(9), and SMOHIT being established pursuant to 29 U.S.C. § 186(c)(5). (Id. ¶¶ 7-8.)

CRO Sheet Metal is a New York corporation with an office in Long Island City, New York. (Id. ¶ 10.) CRO Sheet Metal is an employer in an industry affecting commerce within the meaning of ERISA. (Id.) At times relevant to this action, CRO Sheet Metal was a party to a collective bargaining agreement with Local Union No. 28 of the International Association of Sheet Metal, Air, Rail and Transportation Workers (the "Collective Bargaining Agreement"). (Id. ¶¶ 13-14.) CRO Sheet Metal agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") establishing the Funds. (Id. ¶¶ 14-15.) CRO Sheet Metal owes

certain obligations to Plaintiffs pursuant to the Collective Bargaining Agreement and the Trust Agreements of the Funds (collectively "the Agreements") to which CRO Sheet Metal is accordingly bound. (Id. ¶¶ 14-15, 18, 22-24.)

The Agreements state that employer contributions are considered assets of the respective Funds and that title to all monies paid into or due to the Funds are vested exclusively in the trustees of the respective Funds. (Id. at 21.) Further, the Agreements require CRO Sheet Metal to pay monthly employer contributions to the Funds for time worked or paid to covered employees. (Id. ¶ 14.) CRO Sheet Metal must also submit timely monthly remittance reports that detail all employees or work for which contributions to the Funds were required. (Id. ¶¶ 14, 18.) The completed remittance reports and accompanying contributions must be submitted to the Funds by no later than the twentieth day after the end of each calendar month for hours worked in that month and are delinquent if received thereafter. (Id. ¶ 18.) Should there be a failure to remit such contributions, upon the filing of a lawsuit, Plaintiffs would be entitled to recover the delinquent contributions, interest, liquidated damages, late fees, and attorney's fees and costs. (Id. ¶ 19.) The Agreements also provide that CRO Sheet Metal shall make its books and records available at reasonable times for inspection and audit by representatives of the Funds. (Id. ¶ 22.) Should such an audit show a discrepancy of more than 10%, then CRO Sheet Metal must pay the cost of the audit. (Id.)

According to the Funds' records, at the time the Complaint was filed, CRO Sheet Metal had paid contributions due to the Funds more than thirty days after the due date for the period of January 2017 to March 2017, and CRO Sheet Metal had also failed to pay contributions due to the Funds for the period of November 2017 through January 2018. (Id. ¶ 20.) Therefore, pursuant to the Agreements and Section 502(g)(2) of ERISA, Plaintiffs are entitled to recover delinquent

contributions, interest, liquidated damages, and attorneys' fees and costs. CRO Sheet Metal has also failed to make its books and records available at reasonable times for inspection and audit by representatives of the Funds. (Id. ¶ 48.) Therefore, Plaintiffs are entitled to recover costs related to CRO Sheet Metal's failure to comply with an audit, in violation of the Agreements. It is also appropriate for CRO Sheet Metal to be compelled by court order to comply with the inspection and audit sought by the Funds.

A. Contributions, Interest, Liquidated Damages, Late Fees, and Audit Costs

Under ERISA, LMRA, and the Agreements, the Funds may recover the following: (1) the full amount of delinquent contributions; (2) interest on delinquent contributions calculated at the rate of 0.0233% per day, compounded daily; (3) liquidated damages in an amount equal to the greater of (i) interest on all delinquent contributions, or (ii) 20% of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and (4) late fees. (Id. ¶ 20.) The Agreements also provide that the Funds shall have access to an employer's books and records at reasonable times for inspection and audit by representatives of the Funds. (Id. ¶ 22.)

The amounts now due are summarized as follows:

| Fund | Contri-butions | Interest | Liquidated Damages | Late Fees | Audit Costs | Total |
|---|---|---|---|---|---|---|
| NPF | $11,833.44 | $624.52 | $2,366.69 | $360.29 | $330.85 | $15,515.9 |
| ITI | $85.44 | $4.51 | $17.09 | $2.79 | $0.00 | $109.83 |
| NEMIC | $21.36 | $1.13 | $4.27 | $0.69 | $0.00 | $27.45 |
| SMOHIT | $14.24 | $0.73 | $2.85 | $0.47 | $0.00 | $18.29 |
| SASMI | $2,029.20 | $107.08 | $405.84 | $64.73 | $0.00 | $2,606.85 |
| Total | $13,983.68 | $737.97 | $2,796.74 | $428.97 | $330.85 | $18,278.21 |

(Anderson Decl. ¶¶ 20-23, Ex. 4.)[2]

CRO Sheet Metal is liable as an employer for the amounts due to the Funds, pursuant to the Agreements, Sections 502(g)(2) and 515 of ERISA, and Section 301 of LMRA. CRO Sheet Metal is also liable as a fiduciary for the amounts due to the ERISA Funds, pursuant to Sections 3(9), 3(21)(A), 404(a)(1)(A), and 409 of ERISA, as CRO Sheet Metal exercised control over contributions due to the ERISA Funds, thus becoming a fiduciary, and then failed to act solely in the interest of the Funds' participants and beneficiaries. CRO Sheet Metal is also specifically liable for the audit costs incurred by the Funds thus far, as CRO Sheet Metal has not made its books and records available at reasonable times for inspection and audit by representatives of the Funds, despite being obligated to do so by the Agreements.

B. Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees and costs in the amount of $6,582.73, pursuant to Section 502(g)(2) of ERISA, as amended, 29 U.S.C. § 1132(g)(2), and the terms of the Agreements. (Pls.' Mot. Default J. ¶ 8; Pls.' Mem. Supp. at 7; Leins Decl. ¶¶ 4-7, Ex. 1.) This amount is based on $5,938.00 in attorneys' fees, which is comprised of 2.4 hours of labor by attorney Marc H. Rifkind at the hourly rate of $290.00, 14 hours of labor by attorneys Christopher M. Leins and Alexander M. Gormley at the hourly rate of $255.00, 0.2 hours of labor by attorney Kristina F. Salamoun at the hourly rate of $240.00, and 11.2 hours of labor by legal assistants Clay M. Goode and Molly A. O'Connor at the hourly rate of $145.00. (Leins Decl. ¶ 5, Ex. 1.) The above total is also comprised of $644.73 in costs. (Id. ¶ 6, Ex. 1.) In support of this request, Plaintiffs have submitted an itemized chart of the legal services performed. (Id. Ex. 1.) The undersigned finds that the amounts submitted are reasonable

---

2. Interest and late fees were calculated through July 17, 2018.

compensation for work necessarily expended to enforce Plaintiffs' rights and that Plaintiffs should be awarded such attorney's fees and costs.

### C. Compelling of an Audit

Plaintiffs lastly request that CRO Sheet metal be required to submit to an audit by representatives of the Funds. (Compl. ¶ 46-50; Pls.' Mot. Default J. ¶ 3; Pls.' Mem. Supp. at 4-5.) As previously stated, the Agreements provide that CRO Sheet Metal shall make its books and records available at reasonable times for inspection and audit by representatives of the Funds. (Compl. ¶ 22.) Should such an audit show a discrepancy of more than 10%, then CRO Sheet Metal must pay the cost of the audit. (Id.) Along with the existence of the Agreements, the compelling of an audit has generally been determined to be an appropriate remedy in ERISA actions. See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 581-82 (1985). Accordingly, it is appropriate for the Court to order that CRO Sheet Metal comply with an audit as requested by Plaintiffs.

### III. RECOMMENDATION

The undersigned recommends that default judgment should be entered against CRO Sheet Metal in favor of Plaintiffs. The undersigned recommends that Plaintiffs should recover $18,278.21 from CRO Sheet Metal. The undersigned further recommends that Plaintiffs should recover $6,582.73 in attorneys' fees and costs from CRO Sheet Metal. Lastly, the undersigned also recommends that CRO Sheet Metal be ordered to comply with an audit pursuant to the terms of the Agreements.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send copies of this Report and Recommendation to CRO Sheet Metal at the following addresses of record:

CRO Sheet Metal Corp.
13-07 37th Avenue
Long Island City, NY 11101

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August 13, 2018
Alexandria, Virginia